39

Paul A. Park
Yolanda S. Park
516 North Apache Avenue
Winslow, Arizona 86047
928.386.3415
Debtors in Possession

**SO ORDERED**

**Dated:**          FILED

2010 DEC 20 PM 1:46

CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA
_____
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA-PHOENIX

In Re:                                )

Paul Allen Park,                      )      **CASE NO: 2:10-bk-33616-CGC**
And                                   )
Yolanda Sanchez Park,                 )      **DISCLOSURE STATEMENT**
                                      )      **SETTING FORTH CHAPTER 11**
Debtors In Possession.                )      **PLAN OF REORGANIZATION:**
                                      )      **ORIGINAL**
                                      )
_____       )

    **COME NOW** Paul Allen Park and Yolanda Sanchez Park, Debtors in Possession, in propria persona, and submit, for Court Approval, their Disclosure Statement in the above entitled cause of action currently before the United States Bankruptcy Court in the District of Arizona-Phoenix.

    **The Disclosure Statement Hearing is set forth as follows:**

**Date:** _____
**Time:** _____
**Place:** United States Bankruptcy Court/District of Arizona/Phoenix
       230 North First Avenue Courtroom: 601
       Phoenix, Arizona 85003

    **Plan Confirmation Hearing is set forth as follows:**

**Date:** _____
**Time:** _____
**Place:** United States Bankruptcy Court/District of Arizona/Phoenix
       230 North First Avenue Courtroom: 601
       Phoenix, Arizona 85003

**Dated and Signed Above**

12/21/2010

**V. Confirmation Requirements and Procedures**................................... *12*
    A.    Who May Vote or Object................................................ *12*
          1.    Who May Object to Confirmation of the Plan..................... *12*
          2.    Who May Vote to Accept/Reject the Plan......................... *12*
                a.    What Is an Allowed Claim/Interest......................... *13*
                b.    What Is an Impaired Claim/Interest........................ *13*
          3.    Who is Not Entitled to Vote............................................. *14*
          4.    Who May Vote in More Than One Class........................... *14*
          5.    Votes Necessary to Confirm the Plan.............................. *14*
          6.    Votes Necessary for a Class to Accept the Plan.................. *14*
          7.    Treatment of Non-Acceptance of Plan.............................. *14*
          8.    Request for Confirmation Despite Non-Acceptance by
                Impaired Classes.................................................. *14*
    B.    Liquidation Analysis............................................................ *EXH E*
    C.    Feasibility......................................................................... *15*

**VI. Effects of Confirmation of Plan**.......................................... *16*
    A.    Discharge......................................................................... *16*
    B.    Revesting of Property in the Debtor...................................... *16*
    C.    Modification of the Plan..................................................... *16*
    D.    Post-Confirmation Status Report........................................ *17*
    E.    Post-Confirmation Conversion/Dismissal............................. *17*
    F.    Final Decree..................................................................... *17*

**VII. Supporting Declarations**.......................................... *ATTACHED*
    Exhibit      A-List of All Assets
    Exhibit      B-Financial Statement
    Exhibit      C-Unexpired Leases To Be Assumed
    Exhibit      D-Executory Contracts To Be Assumed
    Exhibit      E-Liquidation Analysis
    Exhibit      F-List of Administrative Expense Claims
    Exhibit      G-List of Priority Unsecured Claims
    Exhibit      H-List of General Unsecured Claims
    Exhibit      I-List of Equity Interest

12/21/2010

# TABLE OF CONTENTS
United States Bankruptcy Court
District of Arizona/Phoenix
Chapter 11 Proceedings
**2:10-bk-33616-CGC**
Paul Allen Park and Yolanda Sanchez Park

**Page**

I.    **Introduction**............................................................................ 3

II.    A.    Purpose of Disclosure Statement....................................... 3
     B.    Deadlines for Voting and Objecting: Date of Plan Confirmation
        Hearing........................................................................... 4
        1.    Time and Place of the Confirmation Hearing............... 4
        2.    Deadline for Voting to Approve or Reject the Plan........... 4
        3.    Deadline for Objection to the Confirmation of the Plan......... 4
        4.    Identity of Person for Contact for More Information.......... 4
     C.    Applicable Disclaimer(s)................................................. 5

III.   **Background**............................................................................ 5
     A.    Description and History of the Debtor's Transactions/Event Leading to
        Filing of Chapter 11 Proceedings
        Items: 1-13........................................................... 5-7
     B.    Significant Events During Bankruptcy................................. 7
     C.    Other Legal Proceedings Involving Debtor's in Possession................. 7
     D.    Procedures Implemented to Resolve Financial Problems................. 8
     E.    Current and Historical Financial/Income Conditions...................... 8

IV.   **Summary of the Plan of Reorganization**
     A.    What Creditors and Interest Holders Will Receive Under
        Proposed Plan of Reorganization......................................... 9
     B.    Unclassified Claims........................................................ 9
        1.    Administrative Expenses......................................... 9
        2.    Priority Tax Claims.............................................. 10
     C.    Classified Claims and Interests......................................... 10
        1.    Classes of Secured Claims...................................... 10
        2.    Classes of Priority Unsecured Claims.......................... 10
        3.    Classes of General Unsecured Claims.......................... 11
        4.    Class(es) of Interest Holders.................................... 11
     D.    Means of Carrying Out the Plan......................................... 11
        1.    Funding for the Plan............................................ 11
        2.    Post-Confirmation Management................................ 11
        3.    Disbursing Agent............................................... 11
     E.    Risk Factors................................................................ 11
     F.    Other Provisions of the Plan............................................. 12
        1.    Executory Contracts and Unexpired Leases.................... 12
           a.    Assumptions............................................ 12
           b.    Rejections............................................... 12
        2.    Changes in Rates Subject to Regulatory Approval.............. 12
        3.    Retention of Jurisdiction........................................ 12
     G.    Tax Consequences of Plan............................................... 12

# I.
# INTRODUCTION
2:10-bk-33616-CGC

Paul Allen Park and Yolanda Park(Hereinafter Debtor's in Possession) submit this Disclosure Statement in the instant Chapter 11 proceeding before the United States Bankruptcy Court in the District of Arizona filed on October 19, 2010 under the United States Bankruptcy Code, U.S.C. 11 U.S.C. 101 et seq. Chapter 11 allows the Debtor's, and under some circumstances, creditors and other parties in interest, to propose a plan of reorganization "Plan".

The Plan may provide for the Debtor's to reorganize by continuing to operate rental units and deposit rental unit proceeds into the Debtor's in Possession at Bank of the West and added to the regular monthly Railroad Pension proceeds and added to the hourly wages of the Co-Debtor.

The Debtor's in Possession are setting forth a Reorganization Plan for the Holders of Claims so that they may make an informed decision whether to Accept, or Reject the Plan of Reorganization being set forth in these proceedings. The Debtor's in Possession have rental properties and fixed monthly incomes which is set forth herein and which has been relatively stable over time.

The Reorganization Plan provides for the Debtor's in Possession to continue to operate the rental units, eliminate debt and deposit proceeds to build assets which can then be paid to Holders of Claims pursuant to the Plan at set intervals.

**PAUL A. & YOLANDA S. PARK ARE THE DEBTOR'S IN POSSESSION PROPOSING THE PLAN SENT TO YOU IN THIS SAME ENVELOPE AS THIS DOCUMENT. THIS DOCUMENT YOU ARE READING IS THE DISCLOSURE STATEMENT FOR THE ENCLOSED PLAN.**

This is a Reorganization Plan. In other words, the Debtor's in Possession seek to accomplish payments under this Plan or Reorganization by Paul A. and Yolanda S. Park. The Effective Date of the proposed Plan of Reorganization is currently, with Court approval to begin taking place in **March 2011**. This will allow the Debtor's to build up financial liquidity to accomplish the Plan so that monthly payments, over time, are made to creditors with allowable claims.

# II.

## A.     <u>Purpose of Disclosure Statement</u>

This Disclosure Statement summarizes what this plan is composed of and sets forth information describing the Plan and the actions of the Court in determining whether to Confirm or Deny the Plan of Reorganization submitted by the Debtor's in Possession.

(1)     Who can Vote, or Object;
(2)     What the Category/Treatment of Your Claim Is by the Debtor's in Possession;
(3)     The History of the Debtor's in Possession and Significant Events During the Chapter 11 Proceedings;
(4)     What Items/Contents the Court Will Consider in Deciding Whether to Confirm, or Deny, the Plan;
(5)     What is the Effect of the Confirmation by the Court;
(6)     Whether the Plan of Reorganization is Feasible.

12/21/2010

**Please Note**: This Disclosure Statement cannot tell you everything about your rights on proceeding in this Chapter 11 matter currently before the United States Bankruptcy Court in the District of Arizona and you Should consider consulting your own lawyer to obtain more information as to how you may want to proceed and what course of action is feasible for you to pursue to enforce your claim.

It is advisable for you to read the Disclosure Statement submitted by the Debtor's in Possession. If there are any inconsistencies between the Plan and the Disclosure Statement, the Plan provisions will govern. The United States Bankruptcy Code provisions require that "Adequate Information" is set forth by the Debtor's in Possession. Should the United States Bankruptcy Court have already approved this document as adequate Disclosure Statement which sets forth enough information to enable parties affected by the Plan to make an informed decision about the Plan, any party can now solicit votes for, or against, the Plan.

**B.** **Deadlines for Voting and Objecting: Date of Plan Confirmation Hearing:**

*Please note that the United States Bankruptcy Court has not yet confirmed the Plan described in this Disclosure Statement and it is not binding on any party. Please note that if the United States Bankruptcy Court Approves/Confirms this Plan, then this Plan will be binding on the Debtor's in Possession and upon all Creditors and Interest Holders in This Case currently before the Court: 2:10-bk-33616-CGC.*

**1.** **Time and Place of the Confirmation Hearing;**

The Hearing where the Court will determine whether or not to confirm the plan will take place on _____, 20_____ at _____a.m./p.m., in Courtroom _____, at the United States Bankruptcy Court, 230 North First Avenue, Phoenix, Arizona 85003.

**2.** **Deadline For Voting For or Against the Plan:**

If you are entitled to vote, it is in your best interest to timely vote on the enclosed ballot and return the ballot in the enclosed envelope to: Paul A. Park & Yolanda S. Park, 516 North Apache Avenue, Winslow, Arizona 86047.

**YOUR BALLOT MUST BE RECEIVED BY:** _____ OR IT WILL NOT BE COUNTED.

**3.** **Deadline for Objecting to the Confirmation of the Plan.**

Objections to the Confirmation of the Plan must be filed with the Court and Served Upon: Paul A. Park & Yolanda S. Park, 516 North Apache Avenue, Winslow, Arizona 86047 by this Date: _____.

**4.** **Identity of Person to Contact for More Information.**
Any Interested Party who desires further information regarding the Plan set forth herein should contact: **Paul A. Park & Yolanda S. Park, 516 North Apache Avenue, Winslow, Arizona 86047.**

C.   **Applicable Disclaimer(s).**

The financial data relied upon in formulating the Plan is based upon information provided & structured by Paul Allen Park/Yolanda Sanchez Park: Debtor's in Possession in this Disclosure Statement. The Plan Proponent represents that everything stated in the Disclosure Statement is true to the Proponent's best knowledge, information and belief and is based upon monthly income averages over the past one hundred twenty days (120) of retirement proceeds, wages from Wal-Mart and Rental Income from Rental Units of the Debtor's in Possession.

The United States Bankruptcy Court for the District of Arizona has Not Yet Determined whether or not the Plan is confirmable and makes no recommendation(s) as to whether or not You should support, or oppose, the Plan.

Please refer to the Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadline issued by Brian D. Karth, Clerk of the Bankruptcy Court on October 20, 2010 and mailed to all parties in real interest.

## III.
## BACKGROUND

A.   **Description and History of the Debtor's Business Transactions/Events Leading to Filing of Chapter 11 Proceedings**

1.   The Debtor's in Possession are a married couple who have Three (3) main sources of income:
   **a.** Railroad Retirement Proceeds/Disability Claim for Debtor: Paul A. Park.
   **b.** Wal Mart Employee Hourly Wage for Co-Debtor: Yolanda S. Park.
   **c.** Rental Property Income from Apartments & Rental Income Units

During the early part of 2009, Debtor's in Possession were experiencing a fluxuation in the escrow balances on mortgages on properties being purchased and attempted to obtain information from the mortgage holders as to why the payment fluxuations were so pronounced over time causing the monthly payments to go up several hundred dollars and never coming back down. This increased cost to the Debtor's in Possession created a monthly cash flow deficiency which has made making the monthly payments difficult as a direct result of the fluxuations.

2.   The fluxuations in the monthly mortgage payments combined with a judgment against the Debtor's in Possession from a former tenant created a scenario where execution of the pending Writ of Execution upon the Debtor's by the former tenant would have created a financial disaster for the Debtor's from which they would have never recovered. The Writ of Execution would have put the Debtor's in a position of foreclosure on their primary residence. The Debtor's were experiencing less and less financial liquidity to meet monthly expenses as a direct result of the monthly increases in the escrow account payments and attempts to resolve the escrow balances was simply being ignored by the mortgage holders.

3.   In the Summer of 2009, the Debtor's contacted U.S. McLaw Group, Inc. in California and paid **$3,000.00** as and for mortgage restructuring and U.S. McLaw Group, Inc. simply took the money and did not perform any significant relief for the Debtor's. The payment to U.S. MacLaw Group, Inc. was a significant blow to the Debtor's and the legal advice provided to the Debtor's put them in an even more precarious condition.

4.     Debtor's in Possession also attempted to obtain refinancing relief from Quicken and were charged **$500.00** and did not receive any refinancing relief. They were simply told that they did not qualify for any refinancing options.

5.     Shortly after the interaction with U.S. MacLaw Group, Inc., the Debtor's were sued and a judgment obtained by a former tenant. The Debtor's paid over **$7,500.00** in attorney fees for representation in that matter. (WCJ Case No: CV2009-0019) & SO900CV2010-00236) This significant financial outlay(the attorney's fees were paid in cash) caused the Debtor's even more financial devastation and diminished monthly financial liquidity.

6.     In another civil matter, the Debtor's were sued in the Arizona Superior Court in Yavapai County (Case No: P-1300-CV-20070977) on a contract for purchase and sale and that matter is still pending. In the Arizona Superior Court in Yavapai County, the Debtor's have paid approximately **$5,000.00** as and for attorney fees for representation.

7.     The Debtor's have paid over **$16,000.00** in attorney fees and refinance application fees and this are monies paid in cash by the Debtor's over the past three years. As the Debtor's rely on retirement income, wages from Wal-Mart and rental property income, this has caused a severe cash flow deficiency.

8.     Between mortgage escrow account increases and attorney fees paid out over time, the Debtor's had no alternative except to seek relief in the United States Bankruptcy Court for the District of Arizona in an attempt to reorganize their financial situation.

9.     Another component of the Debtor's financial history is that all their credit card interest rates went from 14.9% to 29.9% overnight. This interest rate increase caused the monthly payment and account balances of the Debtor's unsecured credit cards to increase monthly payments from $1,500.00 to approximately $2,400.00 in a thirty day period.

10.     Debtor's have attempted to obtain refinancing since 2006 and were told that they did not qualify for any refinancing. This inability to obtain financing put the Debtor's in a position where the monthly income was being taken by increased mortgage escrow fees and credit card payments which almost doubled from one month to the next. The Debtor's were not able to pay down any unsecured debt in a significant amount.

11.     In short, the monthly income of the Debtor's remained constant and the monthly payments of the Debtor's increased to an amount which was not able to be met by the Debtor's. The Debtor's did not qualify for a Chapter 7 Bankruptcy proceeding and filed the instant Chapter 11 Bankruptcy proceeding in an effort to reorganize themselves financially due to the circumstances set forth herein. It should be noted that the Debtor's have previously(2007) sold real property to pay off credit cards and were unable to obtain any refinancing assistance to bring their monthly debt payments down by paying off unsecured creditors. It is the firm belief of the Debtor's in Possession that by seeking the instant Chapter 11 relief, that creditors will receive - over time- at least receive some of the debt owed to them by the Debtor's in this case.

11.     Events Leading to Chapter 11 Filing: Debtor's in Possession set forth the following factors as and for their basis for seeking the instant relief in this Chapter 11 Bankruptcy proceeding;

12/21/2010

I)        Attorney's Fees Paid Since 2007 ($16,000.00)
II)       Credit Card Interest Rate Increase
III)      Former Tenant Judgment/Writ of Execution in Winslow Justice Court
IV)      Escrow Balance Increases on Mortgages (516 & 518 North Apache)
V)       Pending Lawsuit in Yavapai County
VI)      Inability to Obtain Refinancing to Pay Down Debt

12.      An examination of the Debtor's credit score prior to 2007 will reveal that they possessed a very high credit score. The Debtor's previously had paid all unsecured debt through the sale of real property assets. Debtor's were far more liquid financially in the period immediately preceding the 2007 tax year than the present moment.

13.      Due to the significant equity interest which the Debtor's possess in real property, the Chapter 11 Petition filed was the only vehicle which would protect the Debtor's assets and allow for a reorganization of the Debtor's finances.

## B.    Significant Events During the Bankruptcy

1.      The Debtor's have received a Notice of Appearance and Request for Notice with Proof of Claim on behalf of Secured Creditor: Chase Home Finance, LLC, 800 Brooksedge Boulevard, Westerville, ATTN: Foreclosure Dept., Westerville, OH 43081 by Tiffany & Boscoe, P.A. and have sent a proposal for resolution to Tiffany & Boscoe for presentation to this Secured Creditor. Account No: XXX-6830 listed in the Chapter 11 Petition.

2.      The Debtor's, in an effort to bolster available financial liquidity to pay debt, have filed a Motion to Abandon Property to voluntarily surrender a 2006 Harley Davidson Motorcycle and to have an Order entered by the United States Bankruptcy Court in the District of Arizona to avoid any repossession deficiency balance which may result after the vehicle is sold. This will free up and make available an additional $500.00/monthly for the Debtor's in Possession.

3.      The Debtor's in Possession have been able to catch up on two (2) mortgages (512 & 516 North Apache) including the primary residence. The Debtor's were two (2) payments behind and have been able to bring these accounts current within the last thirty (30) days. This accomplishment will allow the Debtor's to increase the financial account balance in order to carry out the Plan. The mortgage payments fell behind due to expenses which the Debtor's incurred in the filing of the instant Chapter 11 Bankruptcy proceedings. The Debtor's have not hired any professionals and did contact several law offices in Flagstaff, Arizona to inquire about fees required to hire attorney's to represent the Debtor's in these proceedings and did not receive any call backs from any of the law offices contacted in Flagstaff, Arizona.

## C.    Other Legal Proceedings Involving Debtor's in Possession

The Debtor's in Possession do have two (2) other pending legal proceedings involving civil suits which have been filed against them. One civil suit in the Winslow Justice Court by a former tenant resulted in a judgment for $7,000.00 which was about to be executed through a Writ of Execution upon the bank accounts of the Debtor's. The other civil proceeding in the Arizona Superior Court in Yavapai County is pending and there has been no judgment entered. The attorney, Robert Miller, for the Debtor's has filed a Motion to Withdraw and Order for Withdrawal which was entered by the Arizona Superior Court on December 8, 2010 and filed with the Arizona Superior Court Clerk's Office in Yavapai County on December 13, 2010.

**D. Procedures Implemented to Resolve Financial Problems**

The Debtor's in Possession have taken steps, including the elimination of all credit cards and revolving charge accounts, so that unsecured debt is greatly diminished from this point forward. The Debtor's in Possession are voluntarily surrendering a 2006 Harley Davidson Motorcycle to eliminate a $500.00 monthly payment to increase financial liquidity of the estate. Additionally, there will be no purchases of any significant amount until the Plan has been carried out by the Debtor's.

The Debtor's in Possession are staying within the monthly budget set forth in the initial income and expenses attachments in this Chapter 11 proceeding and there have been no cash expenditures during the past fifty (50) days. Additionally, as set forth herein, the Debtor's have submitted a motion for the abandonment of property which will free up an additional $500.00 monthly for the Debtor's to apply to the payment of creditors under the Plan.

**E. Current and Historical Financial/Income Conditions**

The Debtor's have, in the past, been able to effectively pay off unsecured debt obligations through refinancing strategies due to low debt to income ratios. Since approximately the latter part of 2006, the Debtor's have been unable to secure any financing on real property holdings to obtain lump sums of cash to pay off unsecured creditors. The Debtor's have equity interests in property titled in their names and have been unable to obtain any refinancing opportunities from any lenders whatsoever. Despite what has been set forth in the media with regard to any monies being made available for homeowners to obtain financial relief through refinancing options, there have been absolutely no lenders anywhere who have been contacted by the Debtor's who have been able to provide refinancing to the Debtor's in the instant Chapter 11 proceedings.

It should be noted that the Debtor's prior to 2007, when the current financial decline began, had credit scores which were very high. Even with an excellent credit score, equity in real property and stable/documentable monthly income, the Debtor's were unable to obtain any refinancing opportunities. Upon the beginning of the former tenant suit against the Debtor's in the Winslow Justice Court, the Debtor's, between paying escalating escrow accounts and attorney fees, were forced into a financial corner which was very unfamiliar to them and which has persisted to the point of the Debtor's filing the instant Chapter 11 Bankruptcy Petition in order to maintain their personal property and protect their assets in an effort to build the finances necessary to settle outstanding unsecured debt obligations.

The Debtor's have three (3) primary income sources as set forth within this Disclosure Statement. Given the opportunity to allow these sources to build up, the Debtor's should be able to enter into payment agreements with unsecured creditors and emerge from the instant Chapter 11 in a much stronger and stable financial situation. The Debtor's have set forth a monthly income of approximately $6,000.00 monthly which is relatively stable and ongoing which is garnered through retirement proceeds, Wal-Mart hourly wages and rental property income.

Because one of the rental properties is free and clear (512 North Apache) and consists of three (3) units, the Debtor's are able to utilize the monthly rental income to further the Plan along on a regular and ongoing basis. The units are in excellent condition and the Debtor's are established as landlords in the community of Winslow, Arizona. The units at 512 North Apache were completed by the Debtor's in 2009 and are brand new. The Debtor's expect that there will be very minimal maintenance costs for the rental units located at 512 North Apache, Winslow,

Arizona. The Debtor's have a mortgage at 516 North Apache and the rental units at 512 North Apache are built on the same parcel of land as 516. Because there is a mortgage on 516 North Apache, the real property parcel cannot be "split" as it is part of the original mortgage on 516. The rental units at 512 North Apache are completely paid for and there is no lien, other than the mortgage on 516 North Apache, on the rental units themselves.

At present, the Debtor's in Possession have $1,900.00 on deposit with $1,500.00 outstanding for rental unit payments for month of December, 2010.

IV.

## SUMMARY OF THE PLAN OF REORGANIZATION

**A.** **What Creditors and Interest Holders Will Receive Under Proposed Plan of Reorganization**
As required by the United States Bankruptcy Code (hereinafter the "Code"), the Plan classifies claims and interests in various classes according to their right to priority. The Plan states whether each class of claims or interests is "impaired" or "unimpaired." The Plan provides the treatment each class will receive.

**B.** **Unclassified Claims**
Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment under the Code. As such, the Proponent has NOT placed the following claims in a class.

**1.** **Administrative Expenses**
Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code section 507 (a)(1). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Clerk's Office Fees | $ 1,099.00 | Paid in Full 12/15/2010 |
| Office of the U.S. Trustee | $_____ | Pending Distribution(s) |

Court Approval of Fees Required:
The Court must rule on all fees listed in this table before the fees will be owed. For all fees except Clerk's Office fees and the U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be owed and required to be paid under this Plan.

As indicated above, the Debtor's will need to pay $_____ worth of administrative claims on the Effective Date of the Plan unless the claimant has agreed to be paid later or the Court has not yet ruled on the claim. As indicated elsewhere in this Disclosure Statement, Debtor will have Approximately $ 3,500.00 amount of cash on hand on the Effective Date of the Plan. The source of this cash will be funds in the Debtor's in Possession bank account consisting of rental income, retirement proceeds and hourly wages from employment by Co-Debtor.

## 2. Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Code section 507 (a) (8). The Code requires that each holder of such a 507 (a) (8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax.

The following table lists All of the Debtor's section 507 (a) (8) priority tax claims and their treatment under the Plan:

| Description | Amount Owed | Treatment |
|---|---|---|
| Property Taxes 518 N. Apache* | $1,000.00 | |

*contingent on settlement negotiations with Chase Home Finance, LLC Acct. No: xxxx-6830

| Description | Amount Owed | Treatment |
|---|---|---|
| Property Taxes 508 N. Apache | $1,000.00 | |

*contingent on settlement negotiations with Wells Fargo, NA Acct. No: xxxx-1998

## C. Classified Claims and Interests

### 1. Classes of Secured Claims

Secured claims are claims secured by liens on property of the estate. The following table sets forth all classes containing Debtor's secured pre-petition claims and their treatment under this Plan.

Please See Attachment AA for this information

| CLASS | DESCRIPTION | INSIDERS Y/N | IMPAIRED Y/N | TREATMENT |
|---|---|---|---|---|
| 1 | Secured Claim of: Name: Collateral Description: Collateral Value: Priority of Security Int: Principal Owed: Pre-Pet. Arrearages: Total Claim Amount: | | | Pymt Interval Pymt amt/interval Begin Date: End Date: Interest Rate % |

### 2. Classes of Priority Unsecured Claims

Certain priority claims that that are referred to in Code Sections 507 (a) (3 – 7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claim. (Please see Exhibit G for more detailed information about each priority unsecured claim)

Please See Attachment BB for this information

| CLASS # | DESCRIPTION | IMPAIRED Y/N | TREATMENT |
|---|---|---|---|
| 2 | Priority unsecured claim Pursuant to _____ Total Amount of Claims: _____ | | Paid in full in cash of Effective Date: _____ |

### 3. Classes of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507 (a). The following table identifies this Plan's treatment of the class containing ALL of the Debtor's general unsecured claims. (Please see Exhibit H for detailed information about each general unsecured claim):

Please see Attachment CC for description of formula for payout on General Unsecured Claims

| CLASS # | DESCRIPTION | IMPAIRED Y/N | TREATMENT |
|---------|-------------|--------------|-----------|
| 3 | General Unsecured Claims:  Total Amount of Claims: | | Pymt Interval:  Pymt Amt/Interval:  Begin Date:  End Date:  Interest Rate %:  Total Payout ___% = $ ____ |

### 4. Class(es) of Interest Holders

Interest holders are the parties who hold ownership interest (i.e. equity interest) in the Debtor's. If the Debtor's are a corporation, entities holding preferred or common stock in the Debtor's are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor's are individuals, the Debtor's are the interest holder. The following table identifies the Plan's treatment of the class of interest holders (Please see Exhibit I for more detailed information about each interest holder):

Please See Attachment DD for this information. There are No Interest Holders.

| CLASS # | DESCRIPTION | IMPAIRED Y/N | TREATMENT |
|---------|-------------|--------------|-----------|
| 4 | Interest Holders | | |

## D. Means of Carrying Out the Plan
### 1. Funding for the Plan

The Plan will be funded by the following: i) Debtor Retirement Proceeds/Co-Debtor Monthly UAW Proceeds ii) Hourly Wages of Co-Debtor iii) Monthly Income from Rental Units. Currently the value of the Debtor's in Possession Bank Account is $ 2,750.00.

### 2. Post-Confirmation Management

Post Confirmation Management is vested with the Debtor's in Possession.

### 3. Disbursing Agent

Paul Allen Park and Yolanda Sanchez Park: Debtor's in Possession shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Debtor's shall serve without bond and shall not receive any compensation for distribution services rendered and expenses incurred pursuant to the Plan.

## E. Risk Factors

The Debtor's in Possession set forth that the risk factors in the Plan exist in the rate of tenancy for the rental units as all other sources of monthly income are relatively stable and have been stable over a period of six (6) months.

**F. Other Provisions of the Plan**
    **1. Executory Contracts and Unexpired Leases**
        **a. Assumptions**

The Debtor's in Possession Do Not display any executory contracts and unexpired leases in their Chapter 11 Bankruptcy Estate. (Please see Exhibit D for more details on this information)

        **b. Rejections**

There are no rejections to be executed in the instant Chapter 11 Bankruptcy Estate as there are No executory contracts and unexpired leases.

    **2. Changes in Rates Subject to Regulatory Approval**

The Debtor's in Possession are NOT subject to any governmental regulatory commission approval of its' rates.

    **3. Retention of Jurisdiction**

The United States Bankruptcy Court in the District of Arizona shall retain jurisdiction to the extent provided by applicable law.

**G. Tax Consequences of Plan**

CREDITORS AND INTEREST HOLDERS CONCERNED WITH HOW THE PLAN IN THIS CHAPTER 11 BANKRUPTCY PROCEEDING KNOWN AS: **2:10-BK-33616-CGC** MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS AND OR ADVISORS. The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers about possible tax issues this Plan may present to the Debtor. The Proponent CANNOT AND DOES NOT represent that the tax consequences is intended solely for the purpose of alerting readers about possible tax issues this Plan may present to the Debtor. The Proponent CANNOT AND DOES NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all the tax implications of any action.

The Debtor's in Possession in this Chapter 11 Bankruptcy proceeding may be exposed to tax liability as the result of relief received in not being required to pay unsecured creditors who may elect to file form1099 on the Debtor's in Possession for the value of the claim which is not paid to the unsecured creditor.

**V.**
**CONFIRMATION REQUIREMENTS AND PROCEDURES**

**A. Who May Vote or Object**
    1. If you hold an Allowed Claim that is allowed under the Plan, you are entitled to vote to accept or reject the Plan. Accordingly, to be entitled to vote, your Claim must be "allowed" as set forth in Section 202 of the Bankruptcy Code.

### 2. Who May Vote to Accept/Reject the Plan

A creditor or interest holder has a right to vote for or against the Plan if that creditor or interest holder has a claim which is both (1) allowed or allowed for voting purposes and (2) classified in an impaired class.

#### a. What is an Allowed Claim/Interest

As noted above, a creditor or interest holder must first have an <u>allowed claim or interest</u> to have the right to vote. Generally, any proof of claim or interest will be allowed, unless a party in interest brings a motion objecting to the claim. When an objection to a claim or interest is filed, the creditor or interest holder holding the claim or interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or interest for voting purposes.

**THE BAR DATE FOR FILING A PROOF OF CLAIM IN THIS CASE WAS _____.**

A Creditor or interest holder may have an allowed claim or interest even if a proof of claim or interest was not timely filed. A claim is deemed allowed if (1) it is scheduled on the Debtor's schedules and such claim is not scheduled a disputed, contingent, or unliquidated, and (2) no party in interest has objected to the claim. An interest is deemed allowed if it is scheduled and not party in interest has objected to the interest. Consult Exhibit F through L to see how the Proponent has characterized your claim or interest.

### B. What is an Allowed Claim/Interest & What is an Impaired Claim/Interest

1. An "Allowed Claim/Interest" is defined as follows: As noted herein, a creditor or interest holder must first have an allowed claim or interest to have the right to vote. Generally, any proof of claim or interest will be allowed, unless a party in interest brings forth a proper motion objecting to the claim. When an objection to a claim or interest is filed, the creditor or interest holder holding the claim or interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or interest for voting purposes.

#### THE DEADLINE FOR FILING PROOF OF CLAIM:
#### Notice of Deadline Will Be Sent At A Later Time

A creditor or interest holder may have an allowed claim or interest even if a proof of claim or interest was not timely filed. A claim is deemed allowed if **(1)** it is scheduled on the Debtor's schedules and such a claim is not scheduled as disputed, contingent, or unliquidated, and **(2)** no party in interest has objected to the claim. An interest is deemed allowed if it is scheduled and no party in interest has objected to the interest. Please determine how the Debtor's in Possession have characterized your claim or interest.

2. An "Impaired Claim" is defined as follows: An <u>impaired claim</u> arises when the Plan alters the legal, equitable, or contractual rights of the member of that class. In the instant Chapter 11 proceeding, the Debtor's believe that the members of **3rd class** are "impaired" as the Debtor's seek to pay a proportional amount of the unsecured debt as the legal, equitable, or contractual rights of the members of 3rd class and the Proponent is seeking to pay less than 100% to the 3rd class of what they are owed. The proponents of the Plan set forth the Plan due to the financial circumstances of the Debtor's in Possession. Parties who dispute the Proponent's characterization of their claim or interest as being impaired or unimpaired may file an objection to the Plan contending that the Proponent has incorrectly characterized the class.

12/21/2010

### 3.   Who is Not Entitled to Vote

The following four (4) types of claims are **NOT** entitled to vote: (1) claims that have been disallowed; (2) claims in unimpaired classes; (3) claims entitled to priority pursuant to Code sections 507 (a) (1)(2)(8); and (4) claims in classes that do not receive or retain any value under the Plan. Claims in unimpaired classes are not entitled to vote because such classes are deemed to have accepted the Plan. Claims entitled to priority pursuant to Code sections 507 (a) (1), (a) (2), and (a) (7) are not entitled to vote because such claims are not placed in classes and they are required to receive certain treatment specified by the Code. Claims in classes that do not receive or retain any value under the Plan do not vote because such classes are deemed to have rejected the Plan. EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

### 4.   Who Can Vote in More Than One Class

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim is entitled to accept or reject a Plan in both capacities by casting one ballot for the secured part of the claim and another ballot for unsecured claim.

### 5.   Votes Necessary to Confirm the Plan

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cramdown" on non-accepting classes.

### 6.   Votes Necessary for a Class to Accept the Plan

A class of claims is considered to have accepted the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the claims which actually voted, voted in favor of the Plan. A class of interests is considered to have accepted the Plan when at least two-thirds (2/3) in amount of the interest holders of such class which actually voted, voted to accept the plan.

### 7.   Treatment of Nonaccepting Classes

As noted above, even if **ALL** impaired classes do not accept the proposed Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner required by the Code. The process by which nonaccepting classes are forced to be bound by the terms of the Plan is commonly referred to as a "cramdown." The Code allows the Plant to be "crammed down" on nonaccepting classes of claims or interests if it meets all consensual requirements except the voting requirements of 1129(a)(8) and if the Plan does not "discriminate unfairly" and is "fair and equitable" toward each impaired class that has not voted to accept the Plan as referred to in 11 U.S.C. § 1129 (b) and applicable case law.

### 8.   Request for Confirmation Despite Nonacceptance by Impaired Class(es)

The party proposing this Plan, Paul Allen Park and Yolanda Sanchez Park ask the Court to confirm this Plan by cramdown on impaired classes 3rd class and secured creditors of real property at 508 N. Apache & 518 N. Apache as set forth herein being 508 N. Apache/Wells Fargo, NA & 518 N. Apache/Chase Home Mortgage, LLC(represented by Tiffany & Boscoe). Both of these creditors would enjoy unjust enrichment if the cramdown is not granted by this Court due to the amount of monies paid on these secured accounts by the Debtor's since the opening of these particular accounts. It should be noted that the Debtor's do not seek cramdown provisions for all the secured creditors i.e. 516 N. Apache/Wells Fargo Home Mortgage.

## B.    Liquidation Analysis

Another confirmation requirement is the "Best Interest Test" which requires a liquidation analysis. Under the Best Interest Test, if a claimant or interest holder is in an impaired class and that claimant or interest holder does not vote to accept the Plan, then that claimant or interest holder must receive or retain under the Plan property of a value not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

In a Chapter 7 case, the Debtor's assets are usually sold by a Chapter 7 trustee. Secured creditors are paid first from the sales proceeds of properties on which the secured creditor has a lien. Administrative claims are paid next. Next, unsecured creditors are paid from any remaining sales proceeds, according to their rights to priority. Unsecured creditors with the same priority share in proportion to the amount of their allowed claim in relationship to the amount of total allowed unsecured claims. Finally, interest holders receive the balance that remains after all creditors are paid, if any.

For the Court to be able to confirm the Plan, the Court must find that all creditors and interest holders who do not accept the Plan will receive at least as much under the Plan as such holders would receive under a Chapter 7 liquidation. The Plan proponent maintains that this requirement is met here for the following reasons: the liquidation of the Debtor's assets under a Chapter 7 case would not, as set forth by the Proponent of the Plan, raise enough financial assets from sales of real property to extend all the way to unsecured creditors and under the Plan proffered by the Proponent, there is some payment on unsecured accounts/creditors which is feasible under the Plan when considering the total of the unsecured non-priority creditors. The real market value of the real properties is not equal to the amount owed on 508 N. Apache & 518 N. Apache due to the real estate market conditions in Winslow, Navajo County, Arizona.

**% of their claims which unsecured creditors would receive or retain in a Ch. 7 liquidation is 0%.**

**% of their claims which unsecured creditors would receive or retain in the Proponents Plan is** directly proportional to their individual value of the total value of the unsecured creditor total which is currently set at $82,198.00. and the Proponent has set forth an example of the calculation for a $10,000.00 amount.

## C.    Feasibility

Another requirement for confirmation involves the feasibility of the Plan, which means that confirmation of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization, of the Debtor's or any successor to the Debtor's under the Plan, unless such liquidation or reorganization is proposed in the Plan.

There are at least two (2) important aspects of a feasibility analysis. The first aspect considers whether the Debtor will have enough cash on hand of the Effective Date of the Plan to pay all the claims and expenses which are entitled to be paid on such date. The Plan Proponents maintains that this aspect of feasibility is satisfied as illustrated herein:

Cash Debtor's will have on hand by Effective Date*:                    $  5,000.00
*Debtor's expect to have $5,000.00 on hand by Effective Date
To Pay:        Administrative Claims                                          -  1,000.00
To Pay:        Statutory Costs & Charges                                     -  0
To Pay:        Other Plan Payments due on Effective Date             -  2,000.00

Balance after paying these amounts.............................................$  2,000.00

- 15 -

The sources of the cash Debtor's will have on hand by the Effective Date, as shown above are:

| | | |
|---|---|---|
| $ _2,750⁰⁰_ | | Cash in DIP Account now |
| + _2,250⁰⁰_ | | Additional cash DIP will accumulate from net earnings between now and Effective Date |
| + _TBA_ | | Borrowing |
| + _0_ | | Capital Contributions |
| + _TBA_ | | Other |
| $ _5,000⁰⁰_ | | **Total** |

Borrowing, if applicable, will be from _FAMILY_ and will be paid back as follows: _AS AGREED. IN NEGOTIATIONS AT PRESENT MOMENT_

The second aspect considers whether the Proponent will have enough cash over the life of the Plan to make the required Plan payments.

The Proponent has provided financial statements which set forth the current monthly financial income from Railroad Pension, Hourly Wages of the Co-Debtor and rental unit income as set forth in Exhibit B.

YOU ARE ADVISED TO CONSULT WITH YOUR ACCOUNTANT OR FINANCIAL ADVISOR IF YOU HAVE ANY QUESTIONS PERTAINING TO THESE FINANCIAL STATEMENTS.

In Summary the Plan proposes to pay $ _4419.95_ each month for 24 months. As the Debtor's financial projections demonstrate, Debtor's will have an average cash flow, after paying operating expenses and post-confirmation taxes of $ _TBA_ each _MONTH_ for the life of the plan. The final payment is expected to be paid on 03/15/2012. The Plan Proponents contend that Debtor's financial projections are feasible. As set forth by the Debtor's financial statement, Debtor's average monthly cash flow, after paying operating expenses and post confirmation taxes during the bankruptcy case is $ _1,754.⁰⁰_. Furthermore, as set forth, Debtor's do not have significant administrative fees/lawyer fees which have been incurred in this Chapter 11 Bankruptcy.

## VI.
## EFFECTS OF CONFIRMATION OF PLAN

**A.     Discharge**

This Plan provides that upon date: _3-15-2010_, Debtor' in Possession shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. § 1141. However, the Discharge Will Not Discharge any liability imposed by the Plan.

**B.     Revesting of Property in the Debtor**

As of the Effective Date of the Confirmation of the Plan by the Court, title to all property of the Debtor's in Possession and the Chapter 11 Bankruptcy Estate shall vest in the Debtor's.

**C.     Modification of the Plan**

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revolting of the Plan.

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation only if **(1)** the Plan has not been substantially consummated **and (2)** the Court authorizes the proposed modification after Notice and a Hearing.

## D.    Post-Confirmation Status Report

Within 120 day of the entry of the Order confirming the Plan, Plan Proponents shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

## E.    Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112 (b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of order of confirmation.

## F.    Final Decree

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a Final Decree to close the case.

**RESPECTFULLY SUBMITTED** this 20th day of December, 2010.


Paul Allen Park: Debtor
Yolanda Sanchez Park: Co-Debtor
516 North Apache Avenue
Winslow, Arizona 86047
928.386.3415


_____
Signature of Plan Proponent: Debtor


_____
Signature of Plan Proponent: Co-Debtor

# VII.
## SUPPORTING DECLARATIONS

Exhibit      A-List of All Assets
Exhibit      B-Financial Statement
Exhibit      C-Unexpired Leases To Be Assumed
Exhibit      D-Executory Contracts To Be Assumed
Exhibit      E-Liquidation Analysis
Exhibit      F-List of Administrative Expense Claims
Exhibit      G-List of Priority Unsecured Claims
Exhibit      H-List of General Unsecured Claims
Exhibit      I-List of Equity Interest

12/21/2010

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

|  |  |
|---|---|
| Paul Allen Park, | ) |
| Yolanda Sanchez Park, | ) |
| Debtors. | ) |

**CASE NO: 2:10-bk-33616-CGC**

**Chapter 11**

**ATTACHMENT AA**

**CLASSES OF CREDITOR**
Disclosure Statement Attachment

Secured Creditors:                    Class: Unclassified Lien Holders
**A)**

| Wells Fargo, NA/xxxx-1998 | Secured Claim | Amount of Claim: |
|---|---|---|
| P.O. Box 30427 | | $55,780.00 |
| Los Angeles, CA 90030 | Value of Property: | Unsecured Portion: |
| Location of Property: | $150,000.00 | $94,220.00 |
| Rental Unit | | |

IMPAIRED CLAIM

**508 North Apache**
Winslow, Arizona 86047

A proposal is will be sent to this Creditor to set basis for cramdown as the account is an interest only account. Initial contract principal balance: $56,000.00 Current Balance: $55,780.00. This account is one payment behind at present time.

**B)**

| Chase Home Financial, LLC | Secured Claim which is Disputed | Amount of Claim: |
|---|---|---|
| Acct No: xxx-6830 | | |
| P.O. Box 78420 | IMPAIRED CLAIM | $82,000.00 |
| Phoenix, AZ 85062-8420 | | Unsecured Portion: |
| Location of Property: | Value of Property as | $36,033.00 |
| Rental Unit | set forth at time of filing: | |
| **518 North Apache** | $115,000.00 | |
| Winslow, Arizona 86047 | | |

A proposal for settlement has been sent to Tiffany & Boscoe as this secured creditor as the account and the value of the property is in dispute. There are property taxes which are due on the property in the amount of approximately $1,000.00 which are contingent upon the matter being settled with Chase Home Financial, LLC. The Escrow Balance was fluctuating on this contract and is being challenged by the Debtor's in Possession.

Page 1 of 2

12/21/2010

# ATTACHMENT AA

Paul A. and Yolanda S. Park
**CASE NO: 2:10-bk-33616-CGC**
**Chapter 11**
Disclosure Statement Attachment
Secured Creditor: Unassigned Class

**C)**

| | | |
|---|---|---|
| Wells Fargo, NA | Secured Claim | Amount of Claim: |
| P.O. Box 30427 | | $115,000.00 |
| Los Angeles, CA 90030 | Value of Property: | Unsecured Portion: |
| Location of Property: | $185,000.00 | $69,676.00 |

**516 North Apache**
Winslow, AZ 86047
This account is current.

**D)**

| | | |
|---|---|---|
| Harley Davidson Credit | Secured Claim | Amount of Claim: |
| P.O. Box 15129 | | $13,000.00 |
| Palatine, IL 60055 | | |
| Location of Chattel: | Value of Property: | Unsecured Portion: |
| 516 North Apache | $18,000.00 | $4,500.00 |

2006 Harley Davidson Motorcycle will be surrendered to Creditor. Motion to Abandon Property has been submitted to United States Bankruptcy Court in District of Arizona. Debtor's in Possession have elected this option to increase monthly balance of DIP account by $500.00 to be put towards unsecured creditors in Plan.

**E)**

| | | |
|---|---|---|
| Americredit Corporation | Secured Claim | Amount of Claim: |
| P.O. Box 78143 | 2008 Nissan Armada | $23,093.00 |
| Phoenix, AZ 85062-8143 | | |
| Location of Property: | Value of Property: | Unsecured Portion: |
| 516 North Apache | $28,000.00 | $4,907.00 |
| Winslow, AZ 86047 | | |

Account is current and is Debtor's in Possession only vehicle.

**F)**

| | | |
|---|---|---|
| Westgate Resorts, LLC | Secured Claim | Amount of Claim: |
| 2801 Old Winter Garden | | $25,903.00 |
| Ocoee, FL 34761 | | |

Location of Property:
Hollywood Towers Vegas Strip
Property will be surrendered to Creditor via Quit Claim Deed in lieu of foreclosure.

Page 2 of 2

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

|                          |     |                                          |
|--------------------------|-----|------------------------------------------|
| Paul Allen Park,         | )   | **CASE NO: 2:10-bk-33616-CGC**           |
| Yolanda Sanchez Park,    | )   |                                          |
| Debtors.                 | )   | **Chapter 11**                           |
|                          | )   |                                          |
|                          | )   | **ATTACHMENT  BB**                       |
|                          | )   |                                          |
|                          | )   | **CLASSES OF CREDITOR**                  |
| _____ | )   | Disclosure Statement Attachment          |


**List of Priority Unsecured Claims:**   CLASS 2

The Debtor's in Possession Do Not Have Any Priority Unsecured Claims in the Chapter 11
Bankruptcy Estate.

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

| | | |
|---|---|---|
| Paul Allen Park, | ) | **CASE NO: 2:10-bk-33616-CGC** |
| Yolanda Sanchez Park, | ) | |
| Debtors. | ) | **Chapter 11** |
| | ) | |
| | ) | **ATTACHMENT  CC** |
| | ) | |
| | ) | **CLASSES OF CREDITORS** |
| | ) | Disclosure Statement Attachment |

**List of General Unsecured Claims:**          **Treated As  Class 3**

The Debtor's in Possession Have  General Unsecured Claims in the Chapter 11 Bankruptcy Estate as follows:

Impaired Claims as Debtor's will be paying less than amount due on original contract(s).

General Unsecured Creditor's claim without a priority for payment for which the creditor holds no security (or collateral). If the available funds in the estate extend to payment of unsecured claims, the claims are paid in proportion to the size of the claim relative to the total of claims in the class of unsecured claims.

The Debtor's in Possession incorporate by reference as though fully set forth herein the listing of the Twenty (20) Largest Unsecured Creditors/Non-Priority Creditors.

| CLASS # | DESCRIPTION | IMPAIRED | TREATMENT |
|---|---|---|---|
| 3 | General Unsecured Claims Total Amount of Claims: **$82,198.00** | Yes | Payment Interval: Monthly Payment Amt: $449.95 Begin Date: 03/10/2011 End Date:    03/10/2013 Interest Rate: 5% |

Formula for Payout:
The general unsecured non-priority claims are being calculated as a proportion
To the size of the claim relative to the total of general unsecured claims.
(i.e.  10,000 -- 82,198.00 = .121 X 10,000 = 1,216.57)

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

|  |  |
|---|---|
| Paul Allen Park, | ) |
| Yolanda Sanchez Park, | ) |
| Debtors. | ) |

**CASE NO: 2:10-bk-33616-CGC**

**Chapter 11**

**ATTACHMENT DD**

**CLASSES OF CREDITORS**
Disclosure Statement Attachment

**List of Interest Holders of Estate of Paul A. Park & Yolanda S. Park:**

The Debtor's in Possession Are the Interest Holders in this Chapter 11 Bankruptcy Estate.

The Debtor's in Possession Do Not Have any Co-Signers for any accounts set forth in the instant Chapter 11 Bankruptcy proceeding before the United States Bankruptcy Court in the District of Arizona/Phoenix.

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

|  |  |
|---|---|
| Paul Allen Park,<br>Yolanda Sanchez Park,<br>Debtors. | **CASE NO: 2:10-bk-33616-CGC**<br><br>**Chapter 11**<br><br>**EXHIBIT A**<br><br>**Exhibit List**<br>Disclosure Statement Attachment |

**List of All Assets of Chapter 11 Estate of Paul A. Park & Yolanda S. Park:**

2008 Nissan Armada
Encumbered with Balance of $23,000.00 on Purchase Contract

508 North Apache/Rental Unit
Encumbered with Wells Fargo, NA

512 & 516 North Apache/Primary Resident with Rental Units
Encumbered with Wells Fargo Home Mortgage

518 North Apache
Encumbered with Chase Home Finance, LLC
Creditor represented by Tiffany & Boscoe, PC

Personal Property of Debtor's in Possession
Valued at approximate $6,000.00/Exempt

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

|  |  |
|---|---|
| Paul Allen Park, | ) |
| Yolanda Sanchez Park, | ) |
| Debtors. | ) |

)    **CASE NO: 2:10-bk-33616-CGC**

)    **Chapter 11**

)    **EXHIBIT  B**

)    **Exhibit List**
)    Disclosure Statement Attachment

**Financial Statement of Paul A. Park and Yolanda S. Park**

**See Attached Financial Statement Prepared by Paul Allen Park on December 17, 2010:**

Two Pages Attached



# PERSONAL FINANCIAL STATEMENT

**U.S. SMALL BUSINESS ADMINISTRATION**      As of _____ , _____

Complete this form for: (1) each proprietor, or (2) each limited partner who owns 20% or more interest and each general partner, or (3) each stockholder owning 20% or more of voting stock, or (4) any person or entity providing a guaranty on the loan.

Name **Paul A. Park & Yolanda S. Park**      Business Phone

Residence Address **516 North Apache Av. Winslow AZ.**    Residence Phone   Cell — **928 386 3415**

City, State, & Zip Code **Winslow AZ. 86047**

Business Name of Applicant/Borrower

| ASSETS | (Omit Cents) | LIABILITIES | (Omit Cents) |
|---|---|---|---|
| Cash on hand & in Banks | $ 550.00 | Accounts Payable | $ 82,000.00 |
| Savings Accounts | $ 00.00 | Notes Payable to Banks and Others | $ 00.00 |
| IRA or Other Retirement Account | $ 00.00 | (Describe in Section 2) | |
| Accounts & Notes Receivable | $ 1,500.00 | Installment Account (Auto) | $ 30,000 |
| Life Insurance-Cash Surrender Value Only (Complete Section 8) | $ 00.00 | Mo. Payments $ | $ 00.00 |
| Stocks and Bonds (Describe in Section 3) | $ 00.00 | Installment Account (Other) Mo. Payments $ | $ 00.00 |
| Real Estate (Describe in Section 4) | $ 314,000.00 | Loan on Life Insurance | $ 00.00 |
| | | Mortgages on Real Estate (Describe in Section 4) | $ 246,000.00 |
| Automobile-Present Value | $ 20,000.00 | Unpaid Taxes (Describe in Section 6) | $ 2,000.00 |
| Other Personal Property (Describe in Section 5) | $ 6,500.00 | Other Liabilities (Describe in Section 7) | $ 00.00 |
| Other Assets (Describe in Section 5) | $ 00.00 | Total Liabilities | $ 304,000 |
| | | Net Worth | $ 341,050 |
| **Total** | $ 34,050.00 | **Total** | $ 645,050 |

| Section 1. Source of Income | | Contingent Liabilities | |
|---|---|---|---|
| Salary | $ | As Endorser or Co-Maker | $ |
| Net Investment Income | $ | Legal Claims & Judgments | $ |
| Real Estate Income **Rental** | $ 3,700.00 | Provision for Federal Income Tax | $ |
| Other Income (Describe below)* | $ 2,604.58 | Other Special Debt | $ |

Description of Other Income in Section 1.

**Rail Road Retirment & Co. Debtor's**    2475.00
                                                   129
                                                   2,604.58

*Alimony or child support payments need not be disclosed in "Other Income" unless it is desired to have such payments counted toward total income.

Section 2. Notes Payable to Banks and Others. (Use attachments if necessary. Each attachment must be identified as a part of this statement and signed.)

| Name and Address of Noteholder(s) | Original Balance | Current Balance | Payment Amount | Frequency (monthly, etc.) | How Secured or Endorsed Type of Collateral |
|---|---|---|---|---|---|
| P.O. Box 78143 PX. AZ. Americredit Co. 85062-8143 | $46,000 | 25,000 | 848 | Monthly | Auto 2008 Armada 86047 |
| Chase Home Financing Po Box 78420 PX AZ. 85062-8420 | $79,200 | 83,000 | 867 | monthly | 518 Apache Av. Winslow AZ 86047 |
| Welsfargo Home Morgage Po Box 30427 Los Angles CA. 90030 | $138,000 | $115,000 | $1,347.91 | monthly | 516 Apache Winslow AZ. 86047 |
| Welsfargo Home Morgage Po Box 30427 Los Angles CA. 90030 | $55,000 | $56,000 | $444.91 | Monthly | 508 Apache Winslow AZ. |

SBA Form 413 (3-05) Previous Editions Obsolete

This form was electronically produced by Elite Federal Forms, Inc.

(tumble)

12/21/2010

**Section 3. Stocks and Bonds. (Use attachments if necessary. Each attachment must be identified as a part of this statement and signed).**

| Number of Shares | Name of Securities | Cost | Market Value Quotation/Exchange | Date of Quotation/Exchange | Total Value |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**Section 4. Real Estate Owned.** (List each parcel separately. Use attachment if necessary. Each attachment must be identified as a part of this statement and signed.)

| | Property A | Property B | Property C |
|---|---|---|---|
| Type of Property | PRIMARY RESIDENCE 516 N APACHE WINSLOW, AZ 86047 | RENTAL UNITS 512 N APACHE WINSLOW, AZ 86047 | 508 Apache, Rental | 518 N Apache Rental |
| Address | | 508 Apache Winslow AZ 86047 | 518 North Apache Av. Winslow AZ. 86047 |
| Date Purchased | 1/1926 | BUILT IN 2009 | 2005 | 2004 |
| Original Cost | $56000 00 | $210 000 | $35000 | $33000 00 |
| Present Market Value | $160 000 | $125.000 00 | $68000 00 | $39000 00 |
| Name & Address of Mortgage Holder | Welsfango Home Morg PO.BOX 30427 Los A. CA 9003o | Same Parsel as 516 New Building Paid for | Welsfango Home Morg. Po.Box 30427 Los Angles CA 90030 | Chase Home Fian. CO. Po.Box 78420 PX. AZ. 85062-8420 |
| Mortgage Account Number | 3098 | 3098 | 1998 | 6830 |
| Mortgage Balance | $115000 | $00.00 | $83000 00 | In Dispute |
| Amount of Payment per Month/Year | $1347 91 | $00.00 | $444 91 | In Dispute |
| Status of Mortgage | UP to Date | No Payment | Up to Date | In Dispute |

**Section 5. Other Personal Property and Other Assets.** (Describe, and if any is pledged as security, state name and address of lien holder, amount of lien, terms of payment and if delinquent, describe delinquency)

Checking Acount Bank of the West $500 00 Living Room Furniture, Bead Room Furniture Laptop Computer, TV. stereo, Appliances Family photo's office supplie's Wall Hanging's CD's guita's tamp Clothe's, 5 sets of H+5 set of W Wedding Rings 2 Watches 2

**Section 6. Unpaid Taxes.** (Describe in detail, as to type, to whom payable, when due, amount, and to what property, if any, a tax lien attaches.)

508 Apache Av. Winslow AZ. 86047 2009 taxs Personal Propity $580 00
508 Apache Av. Winslow AZ. 86047 2010 taxs, Personal Propity $600 00
518 Apache Av. Winslow AZ. 86047 2009 taxs Personal Propity $580 00
518 Apache Av. Winslow AZ. 86047 2010 taxs Personal Propity $600 00

**Section 7. Other Liabilities.** (Describe in detail.)

516 North Apache Av. Winslow AZ. 86047, Welsfango Home Morgage Ballance $115000
508 North Apache Av. Winslow AZ 86047, Wilsfango Home morgey Ballance $56000
518 North Apache Av. Winslow AZ. 86047! Chase Fianchal Ballance $83000
Americnit Co. 2008 Nissan Armada Blue Book $25000 Balance $28000 00

**Section 8. Life Insurance Held.** (Give face amount and cash surrender value of policies - name of insurance company and beneficiaries.)

Paul A. Park state Farm Life turm $400000
Yolonda S. Park state farm turm $200000

I authorize SBA/Lender to make inquiries as necessary to verify the accuracy of the statements made and to determine my creditworthiness. I certify the above and the statements contained in the attachments are true and accurate as of the stated date(s). These statements are made for the purpose of either obtaining a loan or guaranteeing a loan. I understand FALSE statements may result in forfeiture of benefits and possible prosecution by the U.S. Attorney General (Reference 18 U.S.C. 1001).

Signature: _Paul A. Park_    Date: 12/17/2010    Social Security Number: XXX-XX-7959

Signature: _Yolonda S. Park_    Date: 12/17/2010    Social Security Number: XXX-XX-0303

PLEASE NOTE: The estimated average burden hours for the completion of this form is 1.5 hours per response. If you have questions or comments concerning this estimate or any other aspect of this information, please contact Chief, Administrative Branch, U.S. Small Business Administration, Washington, D.C. 20416, and Clearance Officer, Paper Reduction Project (3245-0188), Office of Management and Budget, Washington, D.C. 20503. **PLEASE DO NOT SEND FORMS TO OMB.**

12/21/2010

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

|  |  |  |
|---|---|---|
| Paul Allen Park, | ) | **CASE NO: 2:10-bk-33616-CGC** |
| Yolanda Sanchez Park, | ) | |
| Debtors. | ) | **Chapter 11** |
| | ) | |
| | ) | **EXHIBIT   C** |
| | ) | |
| | ) | **Exhibit List** |
| | ) | Disclosure Statement Attachment |

**List of Unexpired Leases to be Assumed of Chapter 11 Estate of Paul A. Park & Yolanda S. Park:**

There are No Unexpired Leases to be Assumed by Paul Allen Park and Yolanda Sanchez Park.

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

|  |  |  |
|---|---|---|
| Paul Allen Park, | ) | **CASE NO: 2:10-bk-33616-CGC** |
| Yolanda Sanchez Park, | ) | |
| Debtors. | ) | **Chapter 11** |
|  | ) | |
|  | ) | **EXHIBIT   D** |
|  | ) | |
|  | ) | **Exhibit List** |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | Disclosure Statement Attachment |

**List of All Executory Contracts to be Assumed of Chapter 11 Estate of Paul A. Park & Yolanda S. Park:**

There are No Executory Contracts to be Assumed by Paul Allen Park and Yolanda Sanchez Park.

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

|  |  |  |
|---|---|---|
| | ) | |
| Paul Allen Park, | ) | **CASE NO: 2:10-bk-33616-CGC** |
| Yolanda Sanchez Park, | ) | |
| Debtors. | ) | **Chapter 11** |
| | ) | |
| | ) | **EXHIBIT   E** |
| | ) | **Exhibit List** |
| | ) | Disclosure Statement Attachment |

**Liquidation Analysis of Chapter 11 Estate of Paul A. Park & Yolanda S. Park:**

The Debtor's in Possession set forth the following Liquidation Analysis for the Court's consideration as follows:

If the Debtor's owned the real property at **508 North Apache**, Winslow, Arizona free and clear and had to sell the real property as quickly as possible to liquidate in a Chapter 7 Bankruptcy proceeding, the Debtor's set forth that the real property would bring approximately $35,000.00 as and for an immediate sale in the current real estate market in Winslow, Navajo County, Arizona.

Total Amount from Sale      $ 35,000.00*

If the Debtor's owned the real property at **516 North Apache**, Winslow, Arizona free and clear and had to sell the real property as quickly as possible to liquidate in a Chapter 7 Bankruptcy proceeding, the Debtor's set forth that the real property would bring approximately $ 150,000.00 as and for an immediate sale in the current real estate market in Winslow, Navajo County, Arizona.

Total Amount from Sale      $150,000.00**

If the Debtor's owned the real property at **518 North Apache**, Winslow, Arizona free and clear and had to sell the real property as quickly as possible to liquidate in a Chapter 7 Bankruptcy proceeding, the Debtor's set forth that the real property would bring approximately $ 40,000.00 as and for an immediate sale in the current real estate market in Winslow, Navajo County, Arizona.

Total Amount from Sale      $ 40,000.00***

**Total Amount from Sale      $225,000.00**

Total proceeds hypothetically received from the liquidation of free and clear property in this scenario would total $225,000.00

| | |
|---|---|
| Total Bank Account Balance | $ 2,750.00 |
| Personal Property Sale | $ 3,000.00 |
| Total Real Property Sale | $225,000.00 |
| Total Worth of Debtor's | **$230,750.00** |

The Debtor's in Possession are setting this forth to establish what finances could be raised if the Debtor's owned the real properties free and clear. However, the real properties are all encumbered with mortgages and the total amount owed on the real property mortgages is $251,000.00.

The 516 Apache real property is the only property which is worth more than is owed at the present time. The Debtor's cannot afford to obtain appraisals on the properties at the present time and have set forth the values based on personal knowledge and experience in setting forth the property values herein.

**\*508 North Apache** is a single family dwelling 3 bedroom/2 baths which was originally used as collateral for equity line of financing from Wells Fargo, NA. Debtor's are estimating the value from personal knowledge of the Winslow, Arizona real estate market. This real estate property was purchase for $32,000.00 in 2005.

**\*\*516 North Apache** is a single family dwelling 3 bedroom/2 baths which was originally purchased in 1996 for $56,000.00. Since that time the Debtor's have construct another building on the property which has three (3) apartments. The Debtor's place the estimate of value from personal knowledge of the Winslow, Arizona real estate market. The apartments have no lien upon them and are part of the real estate parcel which is currently financed with Wells Fargo Home Mortgage. The value of $150,000.00 is set forth if the Debtor's were to liquidate as quickly as possible.

**\*\*\*518 North Apache** is a single family dwelling 3 bedroom/2 baths which was originally purchased by the Debtor's for $32,000.00 in 2004. The Debtor's then obtained financing from Chase Home Mortgage, LLC for $79,200.00.

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

| | | |
|---|---|---|
| Paul Allen Park, | ) | **CASE NO: 2:10-bk-33616-CGC** |
| Yolanda Sanchez Park, | ) | |
| Debtors. | ) | **Chapter 11** |
| | ) | |
| | ) | **EXHIBIT   F** |
| | ) | |
| | ) | **Exhibit List** |
| _____ | ) | Disclosure Statement Attachment |

**List of Administrative Expenses of Chapter 11 Estate of Paul A. Park & Yolanda S. Park:**

The Debtor's in Possession have only incurred the filing fees at this time as there have been no disbursements made to creditors as of the filing of this Disclosure Statement.

The Debtor's in Possession estimate that the quarterly fees which will be paid to the United States Trustee for the United States Bankruptcy Court in the District of Arizona will be in the neighborhood of $1,000.00 over the period.

The Debtor's in Possession have paid $1,039.00 as and for Chapter 11 Bankruptcy filing fees which have been Paid in Full.

The Debtor's in Possession estimate that the total Administrative Filing Fees which will be incurred, including the Chapter 11 filing fee, will be in the amount of      **$2,039.,00**

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

|  |  |
|---|---|
| ) | |
| Paul Allen Park, ) | **CASE NO: 2:10-bk-33616-CGC** |
| Yolanda Sanchez Park, ) | |
| Debtors. ) | **Chapter 11** |
| ) | |
| ) | **EXHIBIT   G** |
| ) | |
| ) | **Exhibit List** |
| _____ ) | Disclosure Statement Attachment |

**List of Priority Unsecured Claims in this Chapter 11 Estate of Paul A. Park & Yolanda S. Park:**

The Debtor's in Possession do not have any Priority Unsecured Claims as set forth in Schedule E in this Chapter 11 Bankruptcy proceeding as there are no employees of the Debtor's in Possession.

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

| | |
|---|---|
| Paul Allen Park, | ) |
| Yolanda Sanchez Park, | ) |
| Debtors. | ) |

**CASE NO: 2:10-bk-33616-CGC**

**Chapter 11**

**EXHIBIT   H**

**Exhibit List**
Disclosure Statement Attachment

**List of General Unsecured Claims in the Chapter 11 Estate of Paul A. Park & Yolanda S. Park:**

The Debtor's in Possession set forth Schedule F from the initial filing of the instant Chapter 11 Bankruptcy filing for the Court's consideration in this Disclosure Statement.

The Debtor's in Possession set forth for the Court that the total amount of the twenty largest unsecured creditors is $284,041.00.

Chase Bank USA, NA 4th Fl.
865 Merrick Avenue
Westbury, NY 11590

Chase Bank USA, NA 4th Fl.
865 Merrick Avenue
Westbury, NY 11590


Citi Cards
P.O. Box 182564
Columbus, OH 43218-2564


Citi Bank
P.O. Box 6940
The Lakes, NV 88901-6940

Citi Bank SD, NA
P.O. Box 3855
Houston, TX 77253

Dillard's/GEMB
P.O. Box 960012
Orlando, FL 32896-0012

GE Money Bank
P.O. Box 960061
Orlando, FL 32896-0061

GE Money Bank
P.O. Box 981064
El Paso, TX 79998-1064

GE Money Bank
P.O. Box 981127
El Paso, TX 79998-1127

Greg Green, Attorney
401 North Kinsley
Winslow, AZ 86047

Home Depot/Citi
P.O. Box 653095
Dallas, TX 75265

HSBC Retail Services
P.O. Box 5244
Carol Stream, IL 60197-5244

JC Penney
P.O. Box 960090
Orlando, FL 32896-0090

Kohl's/0838
P.O. Box 2983
Milwaukee, WI 53201-2983

Kohl's/5364
P.O. Box 2983
Milwaukee, WI 53201-2983


Little Colorado ER c/o
P.O. Box 468089
Atlanta, GA 31146-8089


Little Colorado Emer Phys
P.O. Box 41798
Philadelphia, PA 19101-1798


Melvin Young, Jr. c/o
401 North Kinsley
Winslow, AZ 86047

Pay Pal Buyer Credit
P.O. Box 960080
Orlando, FL 32896-0080


Robert A. Miller, PLC
450 West Goodwin, Ste 107
Prescott, AZ 86303

Sears Mastercard
P.O. Box 6282
Sioux Falls, SD 57117-6282


The Home Depot/4140
P.O. Box 6925
The Lakes, NV 88901-6925

Wells Fargo Card Services/8180
P.O. Box 30086
Los Angeles, CA 90030-0086

Wells Fargo Financial Services/7510
P.O. Box 98785
Las Vegas, NV 89193-8785

Wells Fargo NA/1998
P.O. Box 30427
Los Angeles, CA 90030


Aldegunda Rivera, Trustee
225 East Hedding St.
San Jose, CA 95112-4406

Paul Allen Park
Yolanda Sanchez Park
516 North Apache
Winslow, Arizona 86047
928.386.3415
Debtors in Propria Persona

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF ARIZONA

In re Debtors:

| | | |
|---|---|---|
| Paul Allen Park,<br>Yolanda Sanchez Park,<br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO: 2:10-bk-33616-CGC**<br><br>**Chapter 11**<br><br>**EXHIBIT   I**<br><br>**Exhibit List**<br>Disclosure Statement Attachment |

**List of Equity Interest of Chapter 11 Estate of Paul A. Park & Yolanda S. Park:**

The Debtor's in Possession set forth the following equity interest of the Chapter 11 Estate of Paul Allen Park and Yolanda Sanchez Park as follows:

508 North Apache
Amount Owed        $ 56,000.00
Value of Property  $ 65,000.00
Equity             $  9,000.00

516 North Apache(Includes rental units at 512 North Apache)
Amount Owed        $115,000.00
Value of Property  $190,000.00
Equity             $ 75,000.00

518 North Apache
Amount Owed        $ 83,000.00
Value of Property  $ 56,000.00
Equity             $-27,000.00

2008 Nissan Armada
Amount Owed        $ 23,000.00
Value of Vehicle   $ 28,000.00
Equity             $  5,000.00